IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              CR No. 14-832 KG

MARTIN LLANTADA,

    Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's second Motion for Compassionate Release, filed July 22, 2020. (Doc. 109). The Government filed a response to the motion on August 11, 2020. (Doc. 112). Defendant seeks compassionate release or home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A) because he alleges the COVID-19 pandemic poses an unreasonable risk of harm in federal prison. Having carefully reviewed the record and applicable law, the Court will deny the Motion for Compassionate Release without prejudice.

*I. Background*

On September 11, 2014, Defendant pled guilty to the charge of Conspiracy to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Doc. 71). On May 12, 2015, the Court sentenced Defendant to 121 months imprisonment, followed by five years of supervised release. (Doc. 87).

On May 26, 2020, Defendant filed a *pro se* motion seeking compassionate release or home confinement due to COVID-19. (Doc. 104). Counsel was appointed for Defendant on June 11, 2020. (Doc. 105). The Court ordered the Government to respond to the motion, (Doc. 106), and the Government filed a response on July 10, 2020, (Doc. 107). On July 15, 2020, the

Court denied Defendant's *pro se* motion for compassionate release without prejudice for failure to exhaust his administrative remedies with the Bureau of Prisons (BOP). (Doc. 107).

In the instant Motion, Defendant's counsel states that Defendant is incarcerated at FCI Terminal Island in San Pedro, California, and has approximately 21 months remaining on his sentence, with a projected release date of October 24, 2022. (Doc. 109) at 4. Counsel further states Defendant tested positive for COVID-19, is housed with other inmates who have tested positive, and "fears a worsening of his health due to an anticipated second wave of COVID-19 infections." *Id.* at 5.[1] Defendant's counsel states he sent an e-mail to the warden at FCI Terminal Island on Defendant's behalf "and requested transfer to home confinement per Attorney General Barr's memorandum of April 3, 2020." *Id.* at 2; (Doc. 109-1). He states the e-mail has not been acted on. (Doc. 109) at 2.

In response, the Government confirms Defendant tested positive for COVID-19 in late April, and states Defendant was asymptomatic and has since recovered. (Doc. 112) at 2. The Government notes Defendant is classified as a "care level 1 inmate" on the 4-level medical classification scale, which is the lowest care level and means Defendant is considered generally to be healthy. *Id.* Additionally, the Government argues that Defendant has not exhausted his administrative remedies because he did not request compassionate release from the warden at FCI Terminal Island based on his health conditions and the COVID-19 pandemic. *Id.* at 4. The Government verified with the BOP that they have no record of a compassionate release request from Defendant. *Id.* Since Defendant has not exhausted his administrative remedies by first

---

[1] Medical records attached to Defendant's *pro se* motion for compassionate release show he tested positive for COVID-19 on April 27, 2020. (Doc. 104) at 5.

requesting compassionate release from the warden of his current facility, the Government asks the Court to dismiss Defendant's Motion without prejudice. *Id.* at 5.

*II. Discussion*

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could seek compassionate release under 18 U.S.C. § 3582(c). The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility … ." 18 U.S.C. § 3582(c)(1)(A).

Accordingly, a district court may not consider a request for compassionate release unless and until the prisoner has exhausted all administrative remedies. *See United States v. Read-Forbes*, 2020 WL 1888856, at *3 (D. Kan.) (finding administrative exhaustion is a jurisdictional requirement). To effectively exhaust under Section 3582, a prisoner must make an initial request for compassionate release under 28 C.F.R. § 571.61 and appeal a denial pursuant to § 571.63. *See* 18 U.S.C. § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60-571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(A)). Alternatively, if thirty days have lapsed from receipt of the request by the warden of the facility where the prisoner is incarcerated with no action by the warden, a district court is empowered to consider the prisoner's Section 3582(c)(1)(A) motion. 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant has not shown that he requested compassionate release from his warden. Instead, Defendant's counsel requested home confinement, which is not the same as requesting a sentence reduction under 18 U.S.C. § 3582. Before the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), the BOP could place an inmate in home confinement for the lesser of ten percent of the term of imprisonment or six months. 18 U.S.C. § 3624(c)(2). Under the CARES Act, and based on the Attorney General's declaration that the COVID-19 pandemic will materially affect BOP functioning, the BOP Director now may "lengthen the maximum amount of time for which [he or she] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. Law 116-136, 134 Stat. 281, § 12003(b)(2); *see* Memorandum from Attorney General William Barr to Director of BOP, dated Apr. 3, 2020, at 1, https://www.justice.gov/file/1266661/download (finding because of COVID-19, emergency conditions are materially affecting functioning of BOP). The CARES Act, however, does not authorize the Court to release an inmate on home detention or to review the BOP's decision not to do so. *See Read-Forbes*, 2020 WL 1888856, at *5 ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *United States v. Warren*, 2020 WL 2849908, at *2 (D. Kan.) (same).

Because Defendant has only requested home confinement under the CARES Act and the Attorney General's memorandum, (Doc. 109-1), Defendant has not exhausted his administrative remedies with the BOP regarding compassionate release. As one court recently explained, "[t]he submission of a sufficient record to show exhaustion … is fundamental to this Court's function in deciding a compassionate release motion. Congress clearly wanted these applications decided at the administrative level if possible." *United States v. Bolino*, 2020 WL 32461, at *2

(E.D.N.Y.). Therefore, the Court lacks jurisdiction to consider Defendant's Motion for Compassionate Release. *See United States v. Read-Forbes*, 2020 WL 1888856, at *3 (D. Kan.) ("Based on the 'text, context, and relevant historical treatment' of Section 3582(c), the Court treats as jurisdictional the administrative exhaustion requirement in subsection (c)(1)(A).") (quoting *Musacchio v. United States*, 136 S.Ct. 709, 717 (2016)); *see also United States v. Saldana*, 2020 WL 1486892, at *4 (10th Cir.) (holding district court should dismiss Section 3582(c) motion for lack of jurisdiction if movant fails to show that Section 3582(c) authorizes relief).

III. Conclusion

Based on the foregoing, the Court finds the Motion is procedurally defective and will deny the Motion without prejudice.

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release (Doc. 109) is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE