IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.     CR No. 14-832 KG

MARTIN LLANTADA,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Martin Llantada's third Motion for Compassionate Release (Motion), filed October 30, 2020. (Doc. 114). The United States timely filed a response to Mr. Llantada's Motion on November 13, 2020. (Doc. 115). In his Motion, Mr. Llantada requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. 114) at 1. After careful review of the record and the applicable law, the Court denies Mr. Llantada's Motion without prejudice.

*I. Background*

On September 11, 2014, Mr. Llantada pled guilty to the charge of Conspiracy to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Doc. 71). On May 12, 2015, the Court sentenced Mr. Llantada to 121 months imprisonment, followed by five years of supervised release. (Doc. 87). Mr. Llantada is currently serving his sentence at FCI Terminal Island, a Bureau of Prisons (BOP) facility in San Pedro, California. (Doc. 114) at 5. Over the last five years in San Pedro, Mr. Llantada completed an apprenticeship in cooking and earned certificates in lift-truck operating and alternatives to violence. (Doc. 114-2) at 1; (Doc. 114-3) at 1; (Doc. 114-4) at 1.

On May 26, 2020, Mr. Llantada filed a *pro se* motion seeking compassionate release or home confinement due to COVID-19. (Doc. 104). The Court appointed counsel for Mr. Llantada on June 11, 2020. (Doc. 105). The Court ordered the United States to respond to the motion (Doc. 106), and the United States filed a response on July 10, 2020, (Doc. 107). On July 15, 2020, the Court denied Mr. Llantada's *pro se* motion for compassionate release without prejudice for his failure to exhaust his administrative remedies with the BOP. (Doc. 108).

On July 22, 2020, Mr. Llantada filed a second motion seeking compassionate release. (Doc. 109). In his second motion, filed with the assistance of counsel, Mr. Llantada explained that he tested positive for COVID-19 and "fear[ed] a worsening of his health due to an anticipated second wave of COVID-19 infections." *Id.* at 5. In response, the United States argued that Mr. Llantada had not exhausted his administrative remedies and was, therefore, ineligible for judicial relief. (Doc. 112) at 4. On September 1, 2020, the Court concluded that Mr. Llantada's second motion was procedurally defective because he failed to properly exhaust with the BOP. (Doc. 113) at 4-5. As a result, the Court denied Mr. Llantada's second motion without prejudice and concluded that it lacked jurisdiction to grant compassionate release. *Id.*

In his third Motion presently before the Court, Mr. Llantada explains that he "renewed his request to the Warden at FCI Terminal Island" for compassionate release on September 4, 2020. (Doc. 114) at 3. As of October 30, 2020, Mr. Llantada explains that his request "has not been acted on" by the Warden. *Id.* Mr. Llantada, therefore, asserts that he has administratively exhausted his claim and he is now eligible for relief by this Court. *Id.* In response, the United States contends that Mr. Llantada "has not demonstrated 'extraordinary and compelling reasons' warranting release." (Doc. 115) at 5. As a result, the United States opposes Mr. Llantada's request for compassionate release. *Id.*

*II. Discussion*

Prior to the passage of the First Step Act, only the Director of the BOP could seek compassionate release under 18 U.S.C. § 3582(c). The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility ... ." 18 U.S.C. § 3582(c)(1)(A).

*A. Administrative Exhaustion*

To effectively exhaust under Section 3582, a petitioner must make an initial request for compassionate release under 28 C.F.R. § 571.61 and appeal a denial pursuant to § 571.63. *See* 18 U.S.C. § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60-571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(A)). Alternatively, if thirty days lapse from receipt of the request by the warden of the facility where the petitioner is incarcerated with no action by the warden, a district court is empowered to consider the petitioner's Section 3582(c)(1)(A) motion. 18 U.S.C. § 3582(c)(1)(A).

Here, Mr. Llantada requested compassionate release from the Warden at FCI Terminal Island on September 4, 2020. (Doc. 114-10) at 1 (requesting that Mr. Llantada "be released on compassionate release grounds or be transferred to home confinement"). Thirty days have now lapsed since Mr. Llantada submitted his request to the Warden, and the BOP has not responded to Mr. Llantada's request. *See id.*; (Doc. 114) at 3. As a result, the Court concludes that Mr.

Llantada properly exhausted his administrative remedies and the Court, therefore, shall decide his Motion on the merits.

### B. Extraordinary and Compelling Reasons for Release

Compassionate release is available when a petitioner's sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii), (2). As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples." 28 U.S.C. § 994(t); *see also United States v. Saldana*, 2020 WL 1486892, at *2 (10th Cir.) (looking to Sentencing Commission factors to define extraordinary and compelling reasons for release). In turn, the Sentencing Commission listed four categories of extraordinary and compelling bases for release: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons." U.S.S.G. § 1B1.13, cmt. n.1.

Courts in this district have found COVID-19 concerns are appropriately categorized as "other reasons" when considering extraordinary and compelling bases for relief. *See, e.g., United States v. Juaréz-Parra*, 2020 WL 5645703, at *1 (D.N.M.) (explaining that petitioner's "motion is properly considered under § (1)(D), other reasons"); *United States v. Bell*, 2020 WL 5505505, at *2-3 (D.N.M.) (finding that petitioner "relies on the definition found in 1(D), 'Other Reasons'"). Other courts, however, have addressed COVID-19 concerns under the first category, considering the "medical condition of the defendant." *See United States v. Baca*, 2020 WL 5369078, at *15 (D.N.M.) (explaining that subsection (D) is "clear" and only permits BOP, not courts, to craft other "extraordinary and compelling reasons"). Both categories of relief, however, fall within the ambit of "extraordinary and compelling reasons." It is, therefore,

unimportant which category COVID-19 concerns fit neatly within, if a petitioner's claim does not rise to the broader threshold requirement of "extraordinary and compelling."

Here, Mr. Llantada does not articulate a medical condition which subjects him to an increased risk due to COVID-19. Instead, Mr. Llantada expresses fear for an "anticipated second wave of COVID-19 infections at FCI Terminal Island…." (Doc. 114) at 5. However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Salcido*, 2020 WL 4220495, at *2 (D.N.M.) (Gonzales, J.) (collecting cases). Rather, courts have found "extraordinary and compelling reasons to justify compassionate release where the defendant's serious underlying health conditions place him at high risk of infection and death from COVID-19." *Id.* (internal punctuation omitted) (collecting cases); *accord United States v. Wood*, 2020 WL 4016058, at *2 (D.N.M.) (Gonzales, J.) (same).

Absent evidence of more than "the mere existence of COVID-19," Mr. Llantada has failed to establish extraordinary and compelling reasons justifying compassionate release. *See Salcido*, 2020 WL 4220495, at *2; *accord United States v. Gutierrez*, 2020 WL 6196176, at *2 (D.N.M.) (Johnson, J.) (denying compassionate release because "COVID-19 pandemic in itself [does not] constitute[] an 'extraordinary and compelling reason' for compassionate release"). The Court is sympathetic to Mr. Llantada's fear and his concerns regarding re-infection. Nevertheless, the Court cannot conclude that the existence of COVID-19 alone is an extraordinary and compelling reason justifying Mr. Llantada's release.

In closing, the Court commends Mr. Llantada on his exemplary achievements while incarcerated. *See* (Doc. 114) at 6-8 (listing certificates and coursework completed while housed at FCI Terminal Island). Mr. Llantada's certificates evidence his hard work and commitment to

reentering society with the best chances of success. *See id.* Unfortunately, however, "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason for purposes of compassionate release." *See Wood*, 2020 WL 4016058, at *2 (internal quotations omitted) (citing 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, app. n.3). As a result, the Court shall deny Mr. Llantada's Motion requesting compassionate release.

*III. Conclusion*

Based on the foregoing, the Court concludes that Mr. Llantada does not demonstrate "extraordinary and compelling reasons" justifying his compassionate release.

IT IS THEREFORE ORDERED that Mr. Llantada's third Motion for Compassionate Release (Doc. 114) is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE